UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE OCHWAT,<br><br>    Plaintiff,<br><br>    v.<br><br>PINNACLE ASSET GROUP, L.L.C.,<br><br>    Defendant. | No. 2:15-cv-2130-JAM-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This matter was before the court on June 8, 2016, for hearing for hearing on plaintiff's motion for default judgment against defendant Pinnacle Asset Group, L.L.C.[1] ECF No. 8. Attorney Trinette Kent appeared on behalf of plaintiff;[2] no appearance was made by defendant. At the hearing, the court observed that it was unclear whether defendant had been properly served with a copy of the summons and complaint and ordered plaintiff to submit a supplemental declaration addressing this issue. That declaration has been submitted, ECF No. 15, and addresses the concerns identified by the court. Having considered plaintiff's pleadings, the arguments made at the hearing, and the supplemental declaration, the court finds that plaintiff's application for default judgment should be granted.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] Ms. Kent appeared telephonically.

I.   Background

Plaintiff filed this action against defendant, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the California Rosenthal Act, California Civil Code §§ 1788 *et. seq.* ("Rosenthal Act").  ECF No. 1.  She filed a proof of service which states that on October 23, 2015, a process server identified as Richard Fink completed service on "Pinnacle Asset Group, LLC c/o Raymond Stillwell Esquire" by personally serving a copy of the summons and complaint on Chris Tocha, an "Authorized Agent," at 4476 Main Street #120, Amherst, NY, 14226.  ECF No. 5.  Defendant has not filed an answer to the complaint or otherwise appeared in this action.  Plaintiff requested the clerk to enter defendant's default, ECF No. 6, which was entered on January 4, 2016, ECF No. 7.  Plaintiff now moves for entry of default judgment on her FDCPA and Rosenthal Act claims.  ECF No. 8.

II.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  *See* Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

2

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III.     Discussion

    A.     Appropriateness of the Entry of Default Judgment Under the Eitel Factors

        1.  Factor 1: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment, plaintiff would be unable to obtain remedies for defendant's alleged misconduct.

        2.  Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficient of the Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint should be discussed together because of the relatedness of the two inquires.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

Here, plaintiff seeks default judgment on her claims for violation of the FDCPA and California's Rosenthal Act.  ECF No. 8.  The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To

3

recover under the FDCPA (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector," and (3) the defendant must have committed some act or omission that violated a provision of the FDCPA. *See* 15 U.S.C. § 1692a(3)-(6); *Alonso v. Blackstone Financial Group LLC*, 962 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013).

California's Rosenthal Act incorporates by reference provisions of the FDCPA, and a violation of the FDCPA constitutes a violation of the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations.").

The complaint alleges that plaintiff is a "consumer" and defendant is a "debt collector" as those terms are defined by the FDCPA. ECF No. 1 ¶¶ 5, 7. Plaintiff alleges that defendant's agent contacted her via phone at her place of employment in an attempt to collect a debt. *Id*. ¶¶ 11-12. Specifically, on July 10, 2015, defendant called plaintiff's workplace and spoke to plaintiff's boss, Kevin Reis. *Id*. ¶ 13. During the conversation with Mr. Reis, defendant stated it was calling in regards to a "wage garnishment" and requested plaintiff's employee identification number. *Id*. ¶ 14. Three days later, defendant called plaintiff at her place of employment and demanded payment for an alleged debt. *Id*. ¶¶ 15-16. During the call plaintiff asked defendant if it was a "bill collector." *Id*. ¶ 17. Defendant responded by misrepresenting that it was a law office, not a debt collector. *Id*. ¶ 18. Plaintiff instructed defendant to cease all calls to her place of employment and directed defendant to call her home telephone number. *Id*. ¶ 18. Despite plaintiff's instructions, on July 27, 2015, defendant again called plaintiff at her place of employment, this time informing her that there was a judgment against her and accusing her employer of being "non-compliant." *Id*. ¶ 20.

These allegations are sufficient to demonstrate violations of the FDCPA. *See* 15 U.S.C. § 1692c(a)(1) (prohibiting debt collector from communicating with consumer at a place known to be inconvenient to the consumer); 15 U.S.C. § 1692c(a)(3) (prohibiting a debt collector from communicating with a consumer at their place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such

4

communication); 15 U.S.C. § 1692c(b) (prohibiting debt collector from communicating with a third-person in connection with the collection of a debt); 15 U.S.C. § 1692e(3) (prohibiting the making of a false representation or implication that any individual is an attorney or that any communication is from an attorney); 15 U.S.C. § 1692e(10) (prohibiting the use of false representations or deceptive means to collect a debt).

Accordingly, these factors weigh in favor of entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Plaintiff seeks $2,000 in statutory damages. Given this relatively small amount of money at stake in relation to defendant's conduct, this factor weighs in favor of granting default judgment.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Accepting as true the allegations in the complaint, which are supported by the evidence submitted by plaintiff, the likelihood of a dispute is minimal. Accordingly, this factor weighs in favor of granting plaintiff's motion.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

Although the court expressed at the hearing a concern over whether service of process was properly completed because of an address discrepancy, as discussed below that concern has now been addressed and there is nothing in the record to suggest that defendant's default was due to excusable neglect. The New York Department of State's website identifies defendant's agent for service of process as Raymond Stilwell, 17 Bereford Court, Williamsville, New York.

/////

The proof of service filed in this action states that plaintiff served Mr. Stilwell by delivering a copy of the summons and complaint to Chris Tocha, an individual known to the process server to be an "Authorized Agent," at 4476 Main Street #120, Amherst, New York, 14226. ECF No. 5. Although the address where defendant's agent was served differs from the address provided by the New York Department of State's website, service was properly effected. Ms. Kent states in her supplemental declaration that she has exchanged correspondences with Mr. Stilwell, whose address is 4476 Main Street, Suite 120, Amherst, New York. ECF No. 15 ¶ 6. She further states that she has had several email and telephone communications with Mr. Stilwell about this case. *Id*. ¶ 7. Significantly, she declares that Mr. Stilwell's email signature block specifically states that as of October 1, 2015, his new address is 4476 Main Street, Amherst, New York, thus explaining the discrepancy between the address where process was served and the address provided by the New York Department of State's website. *See id*. ¶ 8. Lastly, Ms. Kent declares that Mr. Stilwell was served with all pleadings related to the instant motion for default judgment, including her supplemental declaration. *Id*. ¶ 10.

In light of this additional information, it appears that defendant had actual knowledge of this case, but declined to appear and defend against plaintiff's claims. According, defendant's default was not due to excusable neglect.

### 6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, this factor should not preclude entry of default judgment.

Upon weighing the factors articulated in *Eitel*, the court finds that plaintiff is entitled to default judgment on its claims under the FDCPA and Rosenthal Act. The only remaining issue is plaintiff's entitlement to damages.

B.  <u>Damages</u>

Plaintiff seeks $2,000 in statutory damages based on defendant's violations of the FDCPA and the Rosenthal Act.  ECF No. 8-1 at 8-10.  In addition to actual damages, a prevailing plaintiff may recover up $1,000 in statutory damages.  15 U.S.C. § 1692k(a)(2)(A).  The Rosenthal Act also permits a successful plaintiff to recover up to $1,000 in statutory damages in addition to any actual damages.  Cal. Civ. Code § 1788.30(b).  "The Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief."  *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011).  Thus, plaintiff may recover statutory damages under both acts.

As indicated above, the allegations in plaintiff's complaint, which must be taken as true, demonstrate several violations of the FDCPA and Rosenthal Act.  The violations include improper communications with third-parties, as well as making telephone calls to plaintiff's place of employment after a requests was made for such communications to cease.  Moreover, defendant also misrepresented that it was calling from a law firm.  Defendant's conduct demonstrates a complete disregard of the FDCPA's requirements.  *See* 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692e(3), 1692e(10).  Therefore, the court finds that the maximum statutory damages under the FDCPA and Rosenthal Act are appropriate.  Accordingly, plaintiff is entitled to damages in the amount of $2,000.

IV.  <u>Conclusion</u>

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 8) be granted;

2. Judgment be entered against defendant in the amount of $2,000; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE